1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **JULIE ROBERTS,** individually and on behalf of all others similarly situated, | Case No. : |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| *v.* | **DEMAND FOR JURY TRIAL** |
| **PREMIER TECHNOLOGY SERVICES, LLC dba REALISTIQ**, a Nevada limited liability company, | |
| *Defendant*. | |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Julie Roberts ("Roberts" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Premier Technology Services, LLC ("PTS" or "Defendant") to (1) stop its practice of sending text messages using an "automatic telephone dialing system" to the cellular telephones of consumers nationwide without their prior express written consent, (2) enjoin Defendant from continuing to send autodialed text messages to consumers who did not provide their prior express written consent to receive them, and (3) obtain redress, including injunctive relief, for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and

experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1.      Defendant PTS is a company that designs websites and provides leads for its clients in the real estate industry.

2.      Unfortunately for consumers, Defendant's aggressive attempts to sell its services (namely its lead generation and home-appraisal services) involves an unlawful telemarketing campaign through which its sends, or has its agents send on its behalf and with its knowledge, unsolicited telemarketing text messages to consumers.

3.      Defendant and/or its agents failed to obtain prior express written consent from consumers to send such text messages and therefore have violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and in violation of the Washington Automatic Dialing and Announcing Device Statute (the "WADAD"), RCW 80.36.400 *et seq.*

4.      In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit seeking an injunction requiring Defendant to cease all unsolicited text-messaging activities as well as an award of statutory damages to the members of the Classes as provided under the TCPA and WADAD, together with costs and reasonable attorneys' fees.

5.      With respect to the WADAD, in 1986, the Washington State Legislature enacted the WADAD, RCW 80.36.400.  As defined by the statute, "[a]n automatic dialing and announcing

device is a device which automatically dials the telephone numbers and plays a recorded message once a connection is made." *See* RCW 80.36.400(1)(2).[1]

6.      Furthermore, a violation of the WADAD is a violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* ("WCPA"). *See* RCW 80.36.400(3).

7.      Similar to the TCPA, the WADAD makes it unlawful for any person to use an automatic dialing and announcing device "for purposes of commercial solicitation" and "applies to all commercial solicitation intended to be received by telephone consumers within the state" of Washington. *See* RCW 80.36.400(2).

8.      By sending these autodialed text messages, Defendant caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such text messages, in addition to the wear and tear on their cellular telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies users paid for the receipt of such text messages, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans. Furthermore, Defendant sent the text messages knowing they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

9.      The TCPA and WADAD were enacted to protect consumers from autodialed text messages like those alleged and described herein. In response to Defendant's unlawful conduct,

---

[1] The WADAD is a parallel statute to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and federal analysis of the TCPA may also provide guidance for interpreting the WADAD.

Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all autodialed text-messaging activities to cellular telephones without first obtaining prior express written consent, as well as an award of statutory damages to the members of the Classes under the TCPA and WADAD, and additionally, costs and reasonable attorney's fees

## PARTIES

10.     Plaintiff Julie Roberts is over 18 years of age and is a natural person residing in Mountlake Terrace, Washington.

11.     Defendant Premier Technology Services, LLC dba RealistIQ is a limited liability company organized and existing under the laws of the State of Nevada with a principal place of business located at 8290 West Sahara Ave., Suite 200, Las Vegas, Nevada 89117.  Defendant conducts business throughout this District, the State of Washington, and the United States.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because it conducts a significant amount of business in this District, made and continues to send unsolicited autodialed text messages in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

13.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District, markets to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

Plaintiff's Class Action Complaint

Law Offices of Stefan Coleman
1011 W. Colter St., #236
Phoenix, Arizona 85013
602.441.3704

-4-

14.     This Court has supplemental jurisdiction over the WADAD and WCPA claims under 28 U.S.C. § 1367, as the action sufficiently forms part of the case or controversy under Article III of the U.S. Constitution and is sufficiently related to Plaintiff's TCPA claim.

## COMMON FACTUAL ALLEGATIONS

15.     Defendant PTS is a company that designs websites and provides leads for its clients in the real estate industry.

16.     Unfortunately for consumers, Defendant, on its own and/or through its agents, has turned to a tried and true, albeit unlawful, method of reaching new customers: unsolicited telemarketing.

17.     Text messages, like the ones sent in the instant action, are considered calls under the TCPA. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) (noting that text messaging is a form of communication used primarily between telephones and is therefore consistent with the definition of a "call").

18.     As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

19.     Yet in violation of this rule, Defendant fails to obtain any prior express written consent to send these text messages to cellular telephone numbers.

20.    Specifically, Defendant and/or its agents sends thousands of outbound telemarketing text messages each day to consumers nationwide.

21.    These text messages are sent for the express purpose of soliciting the text messages recipients to purchase and or otherwise utilize Defendant's services or other products from or through Defendant, namely its home appraisal and lead generation services.

22.    At all times material to this Complaint, Defendant was and is fully aware that unsolicited telephone text messages are being sent to consumers' cellular telephones either through its own efforts and their agents.

23.    Defendant knowingly made (and continues to make) unsolicited telemarketing text messages without the prior express written consent of the text message recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA, the WADAD, and the WCPA.

**FACTS SPECIFIC TO PLAINTIFF ROBERTS**

24.    On or about March 14, 2017, Plaintiff an unsolicited text message from PTS from telephone number 949-662-8107.

25.    The text message she received read, "Area home prices if flux! Curious to know your home's value? Go to: ultimatehomevalue.com/47iuukm now for your instant home valuation. Reply stop unsub."

26.    A reproduced image of the aforementioned text message is reproduced below:

---

Plaintiff's Class Action Complaint



27.     Plaintiff does not have a direct relationship with PTS.  Plaintiff has never provided her telephone number directly to PTS, or requested that PTS send telemarketing text messages to her. Upon information and belief, Plaintiff has never provided her prior express written consent to PTS to send text messages to her cellular telephone and has no business relationship with PTS.

28.     By sending unauthorized autodialed text messages as alleged herein, PTS has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the text messages disturbed Plaintiff's use and enjoyment of her cellular telephone, in addition to the wear and tear on the cellular telephone's hardware (including its battery) and the consumption of memory on Plaintiff's cellular telephone.

29.     In order to redress these injuries, Plaintiff, on behalf of herself and Classes of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones.

30.     Additionally, Plaintiff, on behalf of herself and Classes of similarly situated individuals, brings suit under the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, *et seq.* and the Washington Consumer Protection Act, RCW 19.86 *et seq.*

Plaintiff's Class Action Complaint

Law Offices of Stefan Coleman
1011 W. Colter St., #236
Phoenix, Arizona 85013
602.441.3704

31.     The text messages sent by PTS clearly constitute "soliciting donations of money, property, goods, or services" within the meaning of the RCW 80.36.390(1) and were made for the express purpose of "encouraging a person to purchase property, goods, or services" within the meaning of RCW 80.36.400(1)(6).

32.     The text messages sent by PTS clearly constitute a "telephone solicitation" under RCW 80.36.390(1) or a "commercial solicitation" under RCW 80.36.400(1)(b).

33.     Specifically, Plaintiff and the members of the Classes are encouraged and/or solicited to utilize PTS's services.

34.     On behalf of the Classes, Plaintiff seeks an injunction requiring PTS to cease all unsolicited autodialed text-messaging activities and an award of statutory damages to the Class members, together with costs and reasonable attorney's fees.

## CLASS ALLEGATIONS

35.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following three Classes:

> **Text Message No Consent Class:** All persons in the United States from four years to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) sent text messages to, (2) on the person's cellular telephone, (3) using an automated telephone dialing system, and (4) for whom Defendant (or a third person acting on behalf of Defendant) claims it obtained prior express written consent in the same manner as Defendant (or a third person acting on behalf of Defendant) claims it supposedly obtained prior express written consent to call the Plaintiff.

> **Washington State Text Message Class:** All persons within Washington State from four years prior to the filing of the instant action who: (1) received a non-emergency text message from Defendant (or a third person

acting on behalf of Defendant); (2) through the use of an automatic telephone dialing system; and who (3) did not provide prior express written consent for such calls.

**Washington State Unsolicited Text Message Class:** All persons within Washington State who from the last four years prior to the filing of the instant action who: (1) Defendant (or a third person acting on behalf of Defendant) sent text messages to on his/her cellular telephone: (2) for the purpose of selling goods and services; and for whom (3) Defendant claims it obtained prior express written consent in the same manner Defendant claims it obtained prior express written consent to call Plaintiff.

36.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorney; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

37.     **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed autodialed text messages to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be easily identified through Defendant's records.

38.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)  whether Defendant's conduct constitutes a violation of the TCPA;

(b)  whether Defendant's conduct constitutes a violation of the WCPA;

(c)  whether Defendant systematically sent text messages to members of the Classes without first obtaining prior express oral or written consent to send the text messages;

(d)  whether Defendant utilized an automatic telephone dialing system to send its text messages to members of the Classes;

(e)  whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct;

(f)  whether Defendant obtained prior express written consent to contact any Class members; and

(g)  whether Defendant obtained prior express oral consent to contact any Class members.

39.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

40.    **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes

1    as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by

2    individual members of the Classes will likely be small relative to the burden and expense of

3    individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it

4    would be virtually impossible for the members of the Classes to obtain effective relief from

5    Defendant's misconduct on an individual basis. A class action provides the benefits of single

6    adjudication, economies of scale, and comprehensive supervision by a single court. Economies of

7    time, effort, and expense will be fostered and uniformity of decisions will be ensured.

8
9                          **FIRST CAUSE OF ACTION**
                         **Telephone Consumer Protection Act**
10                       **(Violations of 47 U.S.C. § 227 *et seq.*)**
              **On Behalf of Plaintiff Roberts and the Text Message No Consent Class**
11
12   41.    Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

13   42.    Defendant sent autodialed text messages to cellular telephone numbers belonging to

14   Plaintiff and other members of the Text Message No Consent Class without first obtaining prior

15   express written consent to receive such text messages.

16   43.    Defendant sent the text messages using equipment that had the capacity to store or

17   produce telephone numbers using a random or sequential number generator, to receive and store

18   lists of phone numbers, and to dial such numbers, en masse, without human intervention.

19   44.    The telephone dialing equipment utilized by Defendant, also known as a predictive dialer,

20   dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an

21   automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to

22   Plaintiff and other members of the Text Message No Consent Class.

23

24

25

---

26   Plaintiff's Class Action Complaint                    Law Offices of Stefan Coleman
                                                           1011 W. Colter St., #236
27                                                         Phoenix, Arizona 85013
                                                           602.441.3704
28                                      -11-

45.     By sending the unsolicited text messages to Plaintiff and the Text Message No Consent Class members' cellular telephones without their prior express written consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

46.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Text Message No Consent Class are each entitled a minimum of Five Hundred Dollars ($500.00) in damages for each such violation of the TCPA.

47.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Text Message No Consent Class.

### SECOND CAUSE OF ACTION
**Washington Automatic Dialing and Announcing Device Statute**
**(Violations of RCW 80.36.400 *et seq.*)**
**(On Behalf of Plaintiff Roberts and the Washington State Text Message Class)**

48.     Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

49.     At all times material hereto, Defendant used an automatic dialing and announcing device ("ADAD") as defined in RCW 80.36.400(1)(a).

50.     Defendant sent the text messages, which were commercial solicitations made for the purpose of encouraging and/or soliciting Plaintiff and the other members of the Washington State Text Message Class to utilize its home appraisal services on behalf of itself and/or its clients.

51.     Defendant and/or its agents have continually and repeatedly violated RCW 80.36.400(2) by using ADADs to send text messages for the purpose of encouraging and/or soliciting Plaintiff and the Washington State Text Message Class to utilize its home appraisal services on behalf of itself and/or its clients.

---

52.     As a result of Defendant and/or its agents' violations of RCW 80.36.400(2), Plaintiff and the Washington State Text Message Class are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to RCW 80.36.400(3).

**THIRD CAUSE OF ACTION**
**Washington Consumer Protection Act**
**(Violations of RCW 19.86 *et seq.*)**
**(On Behalf of Plaintiff Roberts and the Washington State Unsolicited Text Message Class)**

53.     Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

54.     Pursuant to RCW 80.36.400(3), which provides that a violation of RCW 80.36.400 constitutes a violation of the Washington State Consumer Protection Act, RCW 19.86, *et seq.*, Defendant and its agents have continually and repeatedly violated the WCPA by using ADADs to send text messages for the purpose of encouraging and/or soliciting Plaintiff and the Washington State Unsolicited Text Message Class to utilize its home appraisal services on behalf of itself and/or its clients.

55.     The unsolicited text messages were made to Washington State.

56.     As a direct result of Defendant's conduct, Plaintiff and the other Washington State Unsolicited Text Message Class members suffered damages, including $500 in statutory damages for each and every text message in violation of the WADAD.  The full amount of damages will be proven at trial.  Plaintiff and the other members of the Washington State Unsolicited Text Message Class are additionally entitled to treble damages, civil penalties, and costs and attorneys' fees as provided by RCW 19.86.090.

**PRAYER FOR RELIEF**

---

Plaintiff's Class Action Complaint

Law Offices of Stefan Coleman
1011 W. Colter St., #236
Phoenix, Arizona 85013
602.441.3704

-13-

**WHEREFORE**, Plaintiff Julie Roberts, individually and on behalf of the Classes, prays for the following relief:

1.      An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes, and appointing her counsel as Class Counsel;

2.      An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the members of the Classes;

3.      An order declaring that Defendant's actions, as set out above, violate the TCPA;

4.      An order declaring that Defendant's actions, as set out above, violate the WADAD;

5.      An order declaring that Defendant's actions, as set out above, violate the WCPA;

6.      A declaratory judgment that Defendant's text-messaging equipment constitutes an automatic telephone dialing system under the TCPA and the WADAD;

7.      An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful text-messaging practices;

8.      An order requiring Defendant to identify any third-party involved in the text-messaging activity as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

9.      An injunction requiring Defendant to cease all unsolicited text-messaging activities, and otherwise protecting the interests of the Classes;

10.     An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive text messages made with such equipment;

11.     An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA, the WADAD, and the WCPA;

12.     An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

13.     Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

///

///

///

///

///

| | |
|---|---|
| Plaintiff's Class Action Complaint | Law Offices of Stefan Coleman |
| | 1011 W. Colter St., #236 |
| | Phoenix, Arizona 85013 |
| | 602.441.3704 |

-15-

1

Respectfully Submitted,

2

**JULIE ROBERTS**, individually and on behalf of
Classes of similarly situated individuals,

3

4

5

Dated: April 10, 2017

By: /s/ Reba Weiss

6

Weiss Law Firm, PLLC
12537 15th Avenue N.E., Suite 108
Seattle, WA 98125

7

reba@weisslawfirm.org
(206) 508-5933

8

9

By: /s/_Blake Dugger _____

10

Blake J. Dugger, Pro Hac Vice
blake@stefancoleman.com

11

LAW OFFICES OF STEFAN COLEMAN, P.A.
1011 W. Colter St., #236

12

Phoenix, Arizona 85013
Telephone: (602) 441-3704

13

Facsimile: (888) 498-8946

14

Attorneys for Plaintiff and the Classes

15

16

17

18

19

20

21

22

23

24

25

26

Plaintiff's Class Action Complaint

Law Offices of Stefan Coleman
1011 W. Colter St., #236

27

Phoenix, Arizona 85013
602.441.3704

28

-16-